IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WIAV NETWORKS, LLC<br><br>   **Plaintiff,**<br>  v.<br><br>ABOVE-NET, INC.; ELECTROVAYA INC.; ELECTROVAYA COMPANY, INC.; EQUUS COMPUTER SYSTEMS, INC.; HANBIT ELECTRONICS CO., LTD.; HANBIT AMERICA LLC; INDUSTRIAL ELECTRONIC ENGINEERS INC.; MEDION A.G.; MEDION USA, INC.; OPTOELECTRONICS CO., LTD.; OPTICON, INC.; OQO, INC.; PHAROS SCIENCE & APPLICATIONS, INC.; POS-X INC.; AND TANGENT COMPUTER INC.<br>   **Defendants**<br>  v.<br><br>EQUUS COMPUTER SYSTEMS, INC.<br><br>   **Defendant/Third-Party Plaintiff,**<br><br>  v.<br><br>INTEL CORPORATION,<br><br>   **Third-Party Defendant.** | Case No. 05:08-cv-131-DF-CMC<br>JURY |

### DEFENDANT EQUUS COMPUTER SYSTEMS, INC.'S THIRD-PARTY COMPLAINT FOR INDEMNIFICATION AND CONTRIBUTION

Defendant Equus Computer Systems, Inc. ("Equus" or "Third-Party Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 14, files this its Third-Party complaint for Indemnification and contribution and hereby alleges the following claims against Intel Corporation, ("Intel" or "Third-Party Defendant") for indemnification and contribution:

## I. INTRODUCTION

1. WIAV Networks, LLC, ("WIAV") sued Equus along with the other named defendants for patent infringement on July 25, 2008.

2. WIAV claims that Equus has sold, and continues to sell, the technology claimed by WIAV's patents.

3. The products sold by Equus that are the subject of WIAV's infringement claims are actually manufactured and sold by Intel. As such, Intel as a manufacturer of these products is also liable for any potential infringement by Equus pursuant to an indemnity provision contained in a purchase agreement. The Intel products that Equus sells conform to the intended purpose of those Intel products.

## II. PARTIES

4. Equus is a Minnesota corporation with its principal place of business at 5801 Clearwater Drive, Minnetonka, Minnesota 55343.

5. Intel Corporation is a Delaware corporation with its principal place of business at 2200 Mission College Boulevard SC4-203, Santa Clara, California, 95054.

## III. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* because WIAV contends that each Defendant has committed acts of patent infringement within the United States and this judicial district. Further, Intel's liability is derivatively based on the original plaintiff's claim, therefore jurisdiction attaches to the Third-Party Defendant. Accordingly, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Supplemental jurisdiction under 28 U.S.C. § 1367

also applies because Intel has an obligation of indemnity and contribution should Equus be found liable for patent infringement.

7. Venue is proper in this judicial district because the Third-Party Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

8. On information and belief, Third-Party Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to the Third-Party Defendant's substantial business in this forum, including: (i) the presence of established distribution channels for Third-Party Defendant's products in this forum; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District.

### IV. AUTHORITIES

9. Federal Rule of Civil Procedure 14 permits a party to assert a claim against anyone who is not a party to the original action if the non-party's liability is in some way dependent upon the outcome of the original action. FED.R.CIV.P. 14(a), (b); *see Price v. CTB, Inc.*, 168 F. Supp. 2d 1299, 1301 (M.D. Ala. 2001). "The purpose of ... rule [14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986), *cert. denied,* 479 U.S. 1065 (1987); *Kim v. Fujikawa,* 871 F.2d 1427, 1434 (9th Cir. 1989).

10. "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is

secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983); *Stewart v. American Int'l Oil & Gas Co.,* 845 F.2d 196, 199-200 (9th Cir.1988); *see also Irwin v. Mascott,* 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) ("For impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent upon the outcome of the main claim."). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *One 1977 Mercedes Benz,* 708 F.2d at 452; *see also* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1446 (1990) ("The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."). Rather, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart,* 845 F.2d at 200 (citation omitted); *Irwin,* 94 F. Supp. 2d at 1056.

11. Factors appropriately considered in deciding such a motion include: (1) whether the movant unreasonably delayed in bringing the motion; (2) whether impleading the new party would delay or unduly complicate the action; (3) whether impleading the new party would prejudice the new or the non-moving party; and (4) the merit of the underlying claim. *See generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §§ 1443-1146 (2d ed.1990).

### V.   FACTUAL BACKGROUND

12. From January 2002 to present, Equus purchased wireless computer technology from Intel pursuant to a purchase agreement (the "Agreement"). The Agreement contains an indemnity provision that provides, "Intel will settle, and at its election, defend, any claim brought in any suit or proceeding against Buyer based upon an allegation that any hardware Product

furnished hereunder or part thereof, alone and not in combination with any other product, constitutes an infringement of any United States patent or copyright and Intel will pay all damages and costs finally awarded against Buyer for the claim…" (See Exhibit A, a true and correct copy of the Agreement attached hereto).

13. On July 25, 2008, WIAV filed suit against Equus for patent infringement on two patents relating to wireless technology (A true and correct copy of WIAV's Amended Complaint is attached hereto as Exhibit B). Pursuant to the Agreement, Intel is contractually bound to indemnify Equus if Equus is found liable for such claims.

14. Equus timely files this third-party complaint within the time allotted by the Docket Control Order which allows for bringing in third parties without leave until April 3, 2009 (See Exhibit C, a true and correct copy of the Docket Control Order is attached hereto).

## V.    CLAIMS

### Count 1: Indemnification

15. Equus realleges and incorporates by reference the allegations set forth in paragraphs above as though fully set forth at length herein.

16. If Equus is held liable and responsible to WIAV for damages as alleged in WIAV's complaint, it will trigger the indemnification provision of the Agreement. Additionally, Intel benefited from the sale of Equus' products, therefore, Equus is entitled to be indemnified by Intel should such liability arise.

17. If Equus is held liable or responsible to WIAV for damages, such liability will be vicarious only and will be the direct and proximate result of the active and affirmative conduct on the part Intel.

18. Accordingly, Equus is entitled to complete indemnification from Intel for any sum or sums for which Equus may be adjudicated liable to Plaintiff WIAV, with costs of defense, costs of suit, and reasonable attorneys' fees.

### Count 2: Contribution

19. Equus realleges and incorporates by reference the allegations set forth in paragraphs above as though fully set forth at length herein.

20. Equus denies that it is in any way legally responsible for the events giving rise to WIAV's action and is not legally responsible in any manner for the damages sought by WIAV.

21. If Equus is held liable for any damages to WIAV, Intel is obligated to reimburse Equus for costs in defending this suit.

### VI.  Prayer for Relief

For these reasons, Third Party Plaintiff Equus asks for judgment against third-party defendant for damages, costs, and fees spent in defending this suit, and for all other relief the court deems appropriate.

Respectfully submitted,

  /s/Ruben C. DeLeon
Ruben C. DeLeon
Texas State Bar No. 00790577
Catherine A. Hough
Texas State Bar No. 24048958
DeLeon Law Group PC
100 Crescent Court
Suite 700
Dallas Texas 75201

ATTORNEYS FOR DEFENDANT
Equus Computer Systems, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on Intel Corporation's Registered Agent via Fed-Ex and electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.
.
VIA FED-EX
Registered Agent for Intel Corporation:
The Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

Intel Corporation
Intellectual Property Counsel
2200 Mission College Blvd.
SC4-203
Santa Clara, CA 95054

                                        ___/s/ Ruben C. DeLeon____
                                        Ruben C. DeLeon