IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **WIAV NETWORKS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:08-CV-131 |
| | § | |
| **ABOVE-NET, INC. ET AL.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**O R D E R**

The above-referenced case was referred to United States Magistrate Judge Caroline Craven for pre-trial purposes in accordance with 28 U.S.C. § 636. Judge Craven recently issued a Report and Recommendation recommending a grant of Third-Party Defendant Intel's motion to dismiss. Dkt. No. 216. Before the Court is Third-Party Plaintiff Equus Computer Systems, Inc.'s Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 217. Also before the Court is Third-Party Defendant Intel's Response. Dkt. No. 218. Upon *de novo* review, the Court finds that Third-Party Defendant Intel's motion to dismiss should be **denied.**

**I. BACKGROUND**

On July 25, 2008, Plaintiff WIAV Networks LLC ("WIAV") filed a complaint against several defendants, including Equus Computer Systems, Inc. ("Equus"), alleging that the defendants infringed certain claims of two United States patents related to wireless technology. Dkt. No. 1. WIAV subsequently settled its patent dispute with all defendants, including Equus. Before the settlement, on March 23, 2009, Equus filed a Third-Party Complaint for

Indemnification and Contribution against Intel Corporation ("Intel") claiming that "the products sold by Equus that [were] the subject of WIAV's infringement claims [were] actually manufactured and sold by Intel." Dkt. No. 150 at 2. Equus also claimed that "Intel as a manufacturer of these products is also liable for any potential infringement by Equus pursuant to an indemnity provision contained in a purchase agreement." *Id*.

The Court closed the case with respect to WIAV on July 6, 2009. Dkt. No. 199. Intel then filed a motion to dismiss for lack of subjection matter jurisdiction Equus's third-party complaint on September 11, 2009. Dkt. No. 200. A hearing on the motion to dismiss was held on November 10, 2009. On November 23, 2009, United States Magistrate Judge Caroline Craven issued a Report and Recommendation recommending that Intel's motion to dismiss be granted. Dkt. No. 216. Judge Craven found that judicial economy, fairness, and comity all favor declining to exercise jurisdiction over the state law indemnification and contribution claims. Dkt. No. 216 at 4-6. Additionally, Judge Craven concluded that Equus did not meet the amount in controversy requirement necessary for diversity jurisdiction to apply. *Id*. 6-7. Specifically, Judge Craven found that Equus's total damages included costs not related to the defense of the patent claim or within the scope of the indemnification, and therefore, should not be included in determining the amount in controversy. *Id*. at 7. Equus now objects to Judge Craven's findings and recommendation.

## II. LEGAL PRINCIPLES

A federal district court's diversity jurisdiction is outlined by 28 U.S.C. §1332 (a), which confers jurisdiction where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states. The party invoking federal diversity jurisdiction bears the burden of

demonstrating that the case is one which is properly before the federal tribunal. *St. Paul Reinsurance Co., Ltd. v. Greenburg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *B. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

A motion to dismiss under FED. R. CIV. P. 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

On dispositive matters referred to a magistrate under 28 U.S.C. § 636(b), the district court makes a *de novo* determination of those parts of the magistrate's report, findings, or recommendations to which timely objection is made. 28 U.S.C. § 636(b)(1); *Garcia v. Boldin,* 691 F.2d 1172, 1179 (5th Cir. 1982). The district court may accept, reject, or modify in whole or in part, the magistrate's findings or recommendation. *Garcia*, 691 F.2d at 1179.

### III. PARTIES' POSITIONS

Equus's primary argument against dismissal is that the Court retains jurisdiction because Equus and Intel are diverse and the amount in controversy exceeds the jurisdictional amount. Dkt. No. 217 at 3. Equus argues that it is a Minnesota corporation with its principal place of business in Minnetonka, Minnesota and that Intel is a Delaware corporation with its principal place of business in Santa Clara, California. *Id*. Equus also disagrees with Judge Craven's finding that it has not established that its damages in defending the patent infringement suit exceed the jurisdictional amount. *Id*. at 4-5. Equus points to its sur-reply to Intel's motion to dismiss wherein it provided affidavits to demonstrate that its damages sufficiently meet and exceed the jurisdictional minimum. *See* Dkt. Nos. 209-6 at 2 and 209-7 at 3.

Intel responds that Equus initially asked the Court to exercise supplemental jurisdiction over its state law contract claim but now seeks to invoke diversity jurisdiction, which Equus did not plead. Dkt. No. 218 at 3. Intel claims that Equus failed to meet its burden of specifically alleging the necessary elements of diversity jurisdiction in its initial objections. *Id*. at 4. Additionally, Intel contends that Equus admitted that it was a Delaware corporation and that such an admission demonstrates a lack of diverse citizenship. *Id*. In response to Equus's argument that its admission was in error, Intel argues that Equus "neither amended it's [sic] pleading nor offered any competent evidence to correct this supposed error." *Id*. at 5. From this, Intel argues that it, as well as the Court, should be entitled to rely on Equus's admission. *Id*.

Intel also argues that Equus cannot meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id*. Intel contends that Equus provides no competent proof of its allegations, but only "conflicting affidavits" of its attorney and CFO that are based on opinion and include damages that would not be subject to the parties' indemnity agreement. *Id.* at 6-7.

## IV. *DE NOVO* REVIEW

### A. Diversity of Citizenship

As an initial matter, Intel's argument that Equus failed to properly plead diversity jurisdiction is insufficient to deny this Court of jurisdiction. 28 U.S.C. §1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Amendments to defective allegations of jurisdiction are broadly permitted in both trial and appellate courts so as to avoid dismissals on technical grounds. *Miller v. Davis*, 507 F.2d 308, 311 (6th. Cir. 1974); *Kaufman v. Western Union Tel. Co.*, 224 F.2d 723, 725 (5th Cir.

1955). Moreover, this section is to be liberally construed. *Miller v. Stannmore*, 636 F.2d 986, 990 (5th Cir. 1981). Section 1653, however, was designed to permit amendment broadly to avoid dismissal of suits on technical grounds but does not provide a remedy for defective jurisdiction itself. To satisfy diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1), the named parties must be citizens of different states. A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). And "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).

While Intel's citizenship is undisputed, the parties disagree as to whether Equus is a citizen of Delaware. District courts have the authority to resolve such factual disputes and retain discretion to devise procedures for such determinations, which may include considering evidence beyond the pleadings such as affidavits, hearing oral testimony, allowing further discovery, or conducting an evidentiary hearing. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)(citing *Land v. Dollar*, 330 U.S. 731, 735 and n. 4, 67 S.Ct. 1009, 1011 and n. 4 (1947)).

Equus maintains that it properly adduced its citizenship as well as that of Intel in its third-party complaint and that Equus and Intel were diverse even at the time of filing of WIAV's patent infringement complaint. Dkt. No. 217 at 2. In support, Equus presented a copy of the Delaware Certificate of Merger showing that the Delaware corporation merged with the Minnesota corporation and that the surviving corporation would be a Minnesota corporation. Dkt. No. 209-4. Intel relies on Equus's purported "admission" in its Answer to WIAV's

Amended Complaint that it was a Delaware corporation and that Equus never amended its erroneous pleadings.

In the Report and Recommendation, Judge Craven did not explicitly find whether Equus was a Minnesota corporation or a Delaware corporation. However, despite its purported admission, the Court finds that Equus has sufficiently demonstrated that it was a Minnesota corporation on July 25, 2008, the date WIAV initiated the underlying patent infringement suit. Equus Third-Party complaint combined with the Certificate of Merger sufficiently adduce Equus's Minnesota citizenship.

**B. Amount in Controversy**

Judge Craven also found that Equus did not meet the amount in controversy requirement necessary for federal jurisdiction to apply. Dkt. No. 216 at 6-7. Judge Craven credited Intel's argument that Equus's estimate of approximately $81,000 in total damages included costs not related to the defenses of the patent claim and not properly included in the amount in controversy. *Id*. at 7.

Again, as the party invoking diversity jurisdiction, Equus bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc*., 293 F.3d 908, 910 (5th Cir. 2002)(citing *St. Paul Reinsurance*). If the amount in controversy is not facially apparent, a court may rely upon "summary judgment" type evidence and the jurisdictional facts must be judged as of the time the complaint is filed. *Id*. To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance,* 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590 (1938)).

In this case, Equus provides three affidavits relating to its damages. The first affidavit, submitted by Equus's attorney in conjunction with its motion for summary judgment, states that it is the attorney's "opinion that a reasonable and necessary fee for the services rendered up to and including the hearing on this motion, and any necessary post-trial notice or collection efforts, is in the amount of $80,917.25[.]" Dkt. No. 202-15 at 3. The second affidavit submitted by Mr. Howard Gilles, CFO of Equus Computer Systems, Inc., states:

> Equus' [sic] has incurred at least $43,000 in damages for internal costs alone, considering the time and resources spent in document production, drafting and reviewing correspondence, drafting and reviewing affidavits, strategy meetings and discussions, research, negotiations with WAIV [sic] associates, and with Intel. This amount does not include the amount of settlement made to WIAV, nor does it include the legal fees spent in defending the patent infringement suit.

Dkt. No. 209-6 at 2. The third affidavit is similar to the first; to wit, an affidavit submitted by Equus's attorney stating that "it is [his] opinion that a reasonable and necessary fee for the services rendered up to dismissal of the original patent infringement case is well over $75,000.00." Dkt. No. 209-7 at 3.

Intel argues that Equus's conflicting affidavits do not provide competent proof that its total damages exceed $75,000.00. Intel takes issue with the first and third affidavits on two grounds. First, Intel argues that "these affidavits are not based on "personal knowledge" or *actual* bills or invoices, but contain only an attorney' s *opinion* of what he believes would be *reasonable* fees." Dkt. No. 218 at 6 (emphasis in original). Second, Intel adds that only after it refuted the basis for the first affidavit – that the sum included fees for the services rendered up to and including the hearing on the motion to dismiss, and any necessary post-trial notice or

collection efforts – did Equus submit the second attorney affidavit. *Id.* According to Intel, Equus's fees for service rendered in briefing and arguing two case dispositive motions and 'any necessary post-trial notice or collection efforts' amount to no more than $5,917.25." *Id*. According to Intel, this $5,917.25 highlights the inconsistency between the first and second attorney affidavits and demonstrates that the amount in controversy is nowhere near the minimum. *Id*. at 6. With respect to the affidavit by Equus's CFO, Intel contends that "these supposed costs suffer from the same defects as Equus's supposed attorneys fees" and that "there is no indication that they are based on actual bills or invoices[.]" *Id*. at 7.

  As an initial matter, affidavits can be used to set forth facts and support a finding of the requisite amount; however, the facts that support federal jurisdiction must be judged at the time of the petition and any subsequent affidavits are allowable only if relevant to that time. *Cf. Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (in the context of removal, stating that jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time). In this case, the affidavits clarify a complaint that previously left the jurisdictional question ambiguous. The affidavits allege jurisdictional facts as of the appropriate time, and it is thus proper for the Court to consider such information, even if submitted after the initial complaint. *See, e.g., Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

  On balance, the Court finds that Equus has met its burden to demonstrate by a preponderance of the evidence that the amount in controversy is in excess of $75,000.00. That is, the affidavits provide a set of facts that, if proven, would entitle Equus to relief. While Intel would prefer to see bills, invoices, or receipts, affidavits such as those in the present case are

sufficient. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citing *Allen*).

Intel attacks the affidavits as failing to rise to the level of "competent proof." Intel, however, does not substantively attack the affidavits as describing a claim that is really for less than the jurisdictional amount. For example, Intel does not provide evidence that Equus's claim would likely not exceed $75,000.00. *Cf. De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (in a removal context, finding the amount in controversy requirement met when Defendants offered testimonial evidence and published precedent showing that damages in the instant case and in similar cases would probably exceed $50,000 per Plaintiff and that Plaintiffs claimed damages of up to $5,000,000 in other courts for the same injuries).

Additionally, the affidavit of a lawyer without personal knowledge of the extent of Equus's claims sheds little, if any, light on the actual amount in controversy; however, the affidavit of the attorney in this case describes the fees associated with defending Equus from allegations of infringement – an issue ostensibly within his personal knowledge. Thus, Intel's assertions regarding the attorney's "opinion" and his low fees do not sufficiently rebut Equus's factual allegations regarding the amount in controversy.

In sum, to justify dismissal for failing to meet the amount-in-controversy requirement, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance,* 134 F.3d at 1253. The Court finds Equus has met its burden to show otherwise.

## V. CONCLUSION

For the foregoing, Third-Party Plaintiff Equus Computer Systems, Inc.'s Objections to the

Magistrate Judge's Report and Recommendation, Dkt. No. 217, are hereby **SUSTAINED**.

Third-Party Defendant Intel's Motion to Dismiss, Dkt. No. 200, is hereby **DENIED**.

   **IT IS SO ORDERED.**

   **SIGNED this 1st day of April, 2010.**

                                        _____
                                        DAVID FOLSOM
                                        UNITED STATES DISTRICT JUDGE